## PINKNEY v. PINKNEY.

Where a petition, filed by the husband, alleges as cause for divorce, "that she has wilfully absented herself from her home with the petitioner for the space of three years," it is fatally defective, unless it also alleges that she absented herself "without sufficient cause."

In a petition for divorce it is not sufficient to allege, "that he and his said wife cannot live in peace and happiness together, and that their welfare requires a separation." The petition should allege facts and circumstances that would render the above conclusion "fully apparent." Code, § 1482.

A petition for divorce should distinctly state the facts constituting the cause and should show *prima facie* that the complainant is the injured party before a divorce is decreed by default.

A decree of divorce cannot be justified unless the evidence tends to show that the separation relied upon was wilful, and that the complainant was not instrumental in procuring it; or unless the evidence will justify the conclusion that the peace, happiness and welfare of the parties require it, and that the complainant is the injured party.

A notice by publication not valid, unless ordered by the court, after the original notice was returned, "not found," to the court, at the appearance day therein designated.

An affidavit or proof that a notice and petition were directed through the post office, as required by the Code, should show that the post office to which they were mailed was the usual residence of the defendant, and that they were mailed in sufficient time before the appearance term.

A judgment by default should not be rendered against a party not personally served, until the court is satisfied that every requirement of the Code, in reference to the notice, has been performed.

### Appeal from Henry District Court.

*Opinion by* GREENE, J. Theadore A. Pinkney, filed his petition in the district court of Henry county for a divorce from his wife Sybil M. Pinkney, alleging two causes:

1. "That she has wilfully absented herself from her home with your petitioner, for the space of three years."

2. "That he and his said wife cannot live in peace and happiness together, and that their welfare requires a separation."

The wife being a resident of Florida, notice of the petition was given by publication in the *Iowa True Democrat*. In

six weeks after the petition was filed, a decree was rendered dissolving the marriage contract on the deposition of a single witness, Isaac Pinkney, who testified :

1. "They have been living separate and apart from each other for the space of two years and upwards."

2. "From my knowledge of the circumstances attending the separation of the parties, I am satisfied that they cannot again live together as man and wife, and that their separation is desirable."

Several objections are urged to the proceedings below, which may be considered under three heads. 1. Is the petition good? 2. Is the evidence adequate? 3. Was the notice sufficient?

1. As to the petition. The first cause of divorce stated in the petition does not aver that she absented herself "*without sufficient cause.*" This omission is fatal. Under the *fourth* cause given in the Code, § 1482, it is necessary for the husband, seeking a divorce, to show that he has not only been wilfully deserted by his wife, but also that she has absented herself "*without a reasonable cause*," for the space of one year. There may have been good cause for the wilful desertion and continued absence. The husband himself may have been unfaithful and false. He may have refused to his wife, the comforts of a home, and the necessaries of life. He may by the severity of his conduct, and by continued acts of flagrant infidelity, have rendered that home intolerable to his wife, and have rendered her absence necessary, or at least reasonable. This averment does not show a *prima facie* case for divorce, and we think the plaintiff equally unfortunate in alleging his second ground.

Our Code, § 1482, provides for an eighth, cause of divorce. "When it shall be made fully apparent, that the parties cannot live in peace and happiness together, and that their welfare requires a separation." There are no facts or circumstances stated in the petition, that can render the above conclusion, "fully apparent," and applicable to the present parties. There is no averment of act, conduct, or disposi-

tion of the wife, to justify the inference that the parties *cannot* live in peace and happiness together, or that their welfare requires a separation.

A party seeking a divorce, under this head, should state something more than the conclusion sought. He should allege his foundation, make out his case, state facts and reasons sufficient to make the conclusion "*fully apparent,*" to the court, that the peace, happiness and welfare of the parties render it necessary to sever the bonds of matrimony.

The petition should not only distinctly state the facts, constituting the cause of divorce, but it should also show, *prima facie,* that complainant is the injured party, in order to admit proof of these essential facts before the court should decree a divorce by default.

A law so unusual, so relaxing in its influence upon the sacred obligations of marital contracts, should not be loosely administered, nor should the petition under it, be bolstered up by latitudinarian intendment. As the petition does not contain averments of facts necessary to be proved, it should have been dismissed.

2. As to the evidence. There is but one deposition in the case as already stated. Defective as are the averments in the petition, the evidence is still more so. It does not show that the separation was wilful, nor that complainant, was not instrumental in procuring it. Nor does it establish any fact or reason to justify the conclusion, that the peace, happiness, and welfare of the parties required a divorce ; nor show that complainant is the injured party.

3. The original notice, it appears, was issued, and was returned *non est inventus,* and was inserted for publication on the 4th day of January, 1854, and that at the ensuing March term of court, a decree was rendered against defendant. It is objected that this precipitate method of giving notice by publication, is not authorized. The Code, § 1725, provides that upon a return of "not found," service may be made by publication in some newspaper, &c. The Code does not

define *to whom*, or *when*, the return of original notice shall be made, before service by publication can be made. But we think, in contemplation of law, that the return should be made to the court, and not to the clerk, and that it should not be returned till the first day of the term at which the defendant is required to plead. We say the writ should be returned to the court, because, in pursuance of law, all process should be returned to the court whence it issued, in order to confer jurisdiction over the party. The object of the process is to bring the party *into court*, and not before the clerk, and when such process or notice is duly served and returned, the defendant is held to be *in court* at the appearance term, and may be proceeded against, accordingly. But if not found, the court may order an *alias*, or even a *pluries* writ or notice to be issued. If satisfied that due diligence had not been used by the said officer, or if satisfied that another effort might secure personal service, the court might, with propriety, order an *alias* to be issued, before directing service by news-paper publication. There is nothing in the Code to prevent this rule of practice. It is a discretionary power that may be judiciously exercised to secure personal service if possible, and to avoid rash anp fraudulent action against a party not thus served.

We conclude then, that as the Code does not designate to whom, or when, notice is returnable, the common law rule should obtain that the notice should be returned to the court, at the appearance day therein designated, and thereupon the court may, if satisfied by the return, that the defendant, after reasonable diligence could not be found, order service by publication. The clerk may then determine the newspaper, in which the notice shall be published.

But there is another serious defect in the proceedings to bring the defendant legally into court. There is not proof sufficient to show that a copy of the petition and notice was directed through the post office, as required by the Code, § 1826. The affidavit, in this case, does not prove

that the post office to which the petition and notice were mailed, was the usual residence of the defendant, nor does it show that it was mailed in sufficient time for her appearance. Judgment by default should not be rendered against a party not personally served, until the court is satisfied that every requirement of the Code, in reference to the notice, has been performed.

Decree reversed.

*Wm. Penn Clarke,* for appellant.